UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOMINIC A. JENKINS,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 14-cv-06011 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 20, 27, 28).

After considering and reviewing the record, the Court concludes that substantial evidence supports the ALJ's conclusion that cessation of substance use would lessen plaintiff's mental health impairments such that he no longer meets a Listing. However,

when establishing plaintiff's residual functional capacity without substance use, the ALJ failed to consider significant probative medical evidence. Therefore, remand for further proceedings is required.

## BACKGROUND

Plaintiff, DOMINIC A. JENKINS, was born in 1992 and was 18 years old on the amended alleged disability onset date of July 1, 2010 (*see* AR. 109-112, 113-14, 115-19, 120-27, 909). Plaintiff graduated from high school through a special education program (AR. 914-15) and did start college, but was expelled for fighting (AR. 919-22). He has no work history outside of short-term jobs performed as vocational rehabilitation. (AR. 930-33).

According to the ALJ, plaintiff has the following severe impairments:"substance use disorders: cannabis dependence; alcohol dependence in partial remission; oppositional defiant disorder; adjustment disorder with anxiety; antisocial personality disorder; narcissistic personality disorder; intermittent explosive disorder; and attention deficit hyperactivity disorder (ADHD) in partial remission (20 CFR 404.1520(c) and 416.920(c))" (AR. 22).

At the time of the hearing, plaintiff was living with his adoptive mother (AR. 911-12).

## PROCEDURAL HISTORY

Plaintiff's applications for child disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income benefits ("SSI") pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* AR. 43-53, 67-70, 75-77, 858-68, 880-82). Plaintiff's requested hearing was held before Administrative Law Judge Rebekah Ross ("the ALJ") on April 19, 2013 (*see* AR. 902-72). On July 19, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 19-33).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ's determination that drug and alcohol abuse are material is supported by substantial evidence; (2) Whether or not the ALJ erred in finding plaintiff not credible; and (3) Whether or not the ALJ's errors support remand for an immediate award of benefits (*see* Dkt. 20, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1)  Whether or not the ALJ's determination that drug and alcohol abuse are material is supported by substantial evidence.

The Social Security Act prohibits the award of disability benefits when drug addiction and/or alcoholism is a contributing factor material to the determination of disability. *See* 42 U.S.C. §§ 423 (d)(2)(C), 1382c(a)(3)(J); *Sousa v. Callahan*, 143 F.3d

1240, 1245 (9th Cir. 1998). On March 29, 1996, Congress enacted the "Contract with America Advancement Act of 1996," which amended various portions of the Social Security Act. Pub.L. No. 104-121, 110 Stat. 847 (1996).  Section 105(a)(1)(C) of the amendments, titled "Denial of Disability Benefits to Drug Addicts and Alcoholics," provides:

> An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

110 Stat. at 852 (1996) (amending 42 U.S.C. § 423(d)(2)).

In determining whether or not a claimant's alcoholism or drug addiction is material pursuant to 42 U.S.C. § 423(d)(2)(C), the test is whether or not "an individual would still be found disabled if she stopped using alcohol or drugs." *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998) (*quoting* 20 C.F.R. § 404.1535(b)(1)).  Materiality, however, only becomes an issue after the individual proves that he or she cannot perform any substantial gainful activity considering all impairments, including drugs and alcohol. Therefore, the ALJ first determines whether or not plaintiff's impairments, including the use of illicit drugs and/or alcohol, are disabling, and then determines whether or not plaintiff's impairments, absent the effects of drugs and alcohol, are disabling.  Plaintiff has the burden of proving that plaintiff's alcoholism or drug abuse is not material to the finding of disability.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001); *Brown v. Apfel*, 192 F.3d 492, 497-99 (5th Cir. 1999); *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

Here, the ALJ determined that plaintiff satisfied Listings 12.04, 12.08, and 12.09 when the effects of substance abuse are considered. (AR. 22). Plaintiff showed marked limitations in social functioning, concentration, persistence, or pace, and one to two episodes of decompensation of extended duration when engaged in substance abuse. (AR. 24). As a result, the ALJ found plaintiff disabled at step two when substance use was involved. (AR. 22).

When conducting the required second five-step inquiry to determine if the claimant would still be disabled in the absence of substance abuse, the ALJ found that plaintiff's would no longer meet the requirements of Listings 12.04, 12.08, or 12.09. (AR. 25-26). Without substance abuse, plaintiff would have only moderate limitations to activities of daily living, social functioning, and concentration, persistence, or pace, and would have no episodes of decompensation. (AR. 25). The ALJ determined that when not engaged in substance abuse plaintiff would have the residual functional capacity ("RFC") to perform the full range of work at all exertional levels with nonexertional limitations to unskilled work and simple repetitive tasks dealing with things, rather than people. (AR. 26). The ALJ also included limitation to an essentially isolated setting with only occasional supervision. (AR. 26). In light of this RFC, the ALJ found plaintiff capable of past relevant work and other jobs in the economy. (AR. 31-32). Therefore, plaintiff would not be disabled if he discontinued use of substances. (AR. 33). Substance abuse was a contributing factor material to the determination of disability requiring the conclusion that plaintiff was not disabled under the Social Security Act.

Plaintiff contends that the ALJ's determination as to the materiality of substance abuse is not supported by substantial evidence. According to plaintiff, the ALJ ignored evidence of his longtime difficulties with anger and his diagnoses of mood disorder, ADHD, oppositional defiance disorder, and his quickness to react likely due to prenatal exposure to substances. (*see* Dkt. 20, p. 6). The Commissioner argues that substantial evidence from several medical professionals supports the ALJ's conclusion as to the effect of substance use.

In concluding that plaintiff would no longer meet the criteria of a Listing absent substance use, the ALJ stated, "the claimant is much more calm, cooperative, and willing to engage with others when he is not under the influence of substances," and "exhibits remorse for his explosive behavior when sober." (AR. 25). The ALJ cited to the record concerning an incident in which plaintiff was admitted to Western State Hospital Recovery Innovation for psychiatric treatment following threats to kill his girlfriend and other people. (AR. 843-851). At the time of admission, he tested positive for marijuana. (AR. 825). After several days inpatient, plaintiff was calm and willing to talk to a therapist. (AR. 851). He admitted that before making the threats "[h]e smoked weed and was drinking and was not thinking clearly." (AR. 851). Upon reflection, "[h]e was apologetic for his earlier behavior... [h]e agreed he definitely needs to start opening up to counselor and practicing some coping skills." (AR. 851). This calm consideration of his behavior, remorse, and understanding of the need to address his issues supports the ALJ's finding that plaintiff's social functioning is improved when he is not under the influence of drugs and alcohol.

1       The ALJ also relied on a psychological evaluation conducted by Christmas Covell, Ph.D., in July 2010. (AR. 637-44). Dr. Covell found plaintiff to be calm, cooperative, and open. (AR. 641). He had intact attention span and memory, and an adequate fund of knowledge. (AR. 642). She detailed his substance abuse history, notable mainly for intermittent marijuana use as recently as three days before the psychological assessment. (AR. 640). Dr. Covell reported that plaintiff had "a history of deficits in attention, sustained effort/concentration, and difficulty with impulsivity, and poor emotional and behavior regulation, including regular outburst of angry and defiant behavior that have impacted his social, educational and legal functioning." (AR. 643). According to Dr. Covell, his history of substance abuse "has likely exacerbated these difficulties." (AR. 643). She also opined that she anticipated gradual improvement in time with maturity, counseling, and a reduction in substance abuse. (AR. 643). Dr. Covell clearly thought that plaintiff's marijuana use intensified his existing issues and that decrease consumption would contribute to improvements in his behavior and emotional control. (AR. 643). Her opinion supports the ALJ's determination that substance abuse negatively impacts his mental impairment and associated behavior.

       Dr. Covell's opinion and the incident involving his girlfriend provide substantial evidence in support of the ALJ's conclusion that plaintiff's mental impairments lessen without substance abuse and he no longer meets a Listing. However, the ALJ still found severe mental impairments and assigned significant limitations to plaintiff's RFC absent substance abuse. (AR. 25-26). The ALJ determined that plaintiff would be capable of unskilled, simple repetitive tasks in an essentially isolated setting with only occasional

supervision. (AR. 26). Plaintiff contends that this RFC does not address the many limitations established by various medical opinions throughout the record.

Plaintiff argues that the RFC limitations did not adequately address Dr. Covell's opinion. Dr. Covell opined that plaintiff has "difficulty with sustained effort and concentration, low frustration tolerance, and periodic impulsivity or reactivity may occasionally impact his attendance, pace, and persistence, which may be ameliorated by structure." (AR. 644). She also assessed that his difficulty cooperating with authority figures, following the rules, argumentativeness, sensitivity to criticism, irritability and anger were likely to yield problems with co-workers and supervisors. (AR. 644). Despite these issues, Dr. Covell stated plaintiff "does not demonstrate limitations in his understanding, recall, or performance of simple instructions," and that he "appears capable of managing general stressors and working cooperatively with others." (AR. 643-44). She believed that "[h]is present level of difficulty is not anticipated to preclude his participation in employment." (AR. 643).

While plaintiff may disagree with the ALJ's interpretation and translation of Dr. Covell's opinion, the RFC takes into account her assessment of plaintiff's cognitive capabilities and social limitations. (AR. 26). This translation from medical opinion to vocational restrictions is the job of the ALJ. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff fails to demonstrate additional limitations required by Dr. Covell's opinion. The Court declines to find that the ALJ failed to account for plaintiff's impulsivity and reactivity in some unspecified way. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 n. 2 (9th Cir. 2009).

Plaintiff also contends that the ALJ improperly rejected the opinions of agency consultants Dan Donahue, Ph.D. and Thomas Clifford, Ph.D. who opined that he could perform simple one- and two- step tasks.  According to plaintiff, the ALJ failed to incorporate these opinions in the RFC because Courts have distinguished between simple one- and two- step tasks and simple repetitive tasks. (*see* Dkt. 20, p. 8-9). The Commissioner points to other medical opinions in the record that support the ALJ's conclusion.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).  It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601).

The Commissioner relies on the ALJ's interpretation of assessments by Drs. Covell and Williams to support the RFC. (*see* Dkt. 27, p. 7-8).  Dr. Covell found that plaintiff "does not demonstrate limitations in his understanding, recall, or performance of simple instructions."  (AR. 644).  He also showed intact attention span and the ability to follow simple written and oral commands.  (AR. 642).   The ALJ's interpretation of this opinion that plaintiff's "performance showed that he is more than capable of performing

simple repetitive work activity" is rational and consistent with the evidence. (AR. 28). The RFC is further supported by Dr. Williams' limitation to short simple tasks and instructions. (AR. 734). He opined that plaintiff has no limitations in his ability to understand and remember simple instructions, and only moderately limited in his ability to carry out detailed instructions. (AR. 732). Considering these opinions, the ALJ's finding that plaintiff can perform simple, repetitive tasks is a rational interpretation of the evidence and must be upheld.

Finally, plaintiff argues that the ALJ failed to incorporate limitations from state agency consultant Samuel Williams, M.D. In particular, plaintiff contends that the RFC omits the opinion that he "would likely miss 1-2 days/month due to psych symptoms," and that "contact with the public and co-workers should be infrequent and non-intensive. Supervision should be tactful and constructive and non-threatening." (AR. 734). The ALJ gave great weight to Dr. Williams' opinion but failed to address plaintiff's likely attendance issues. (AR. 30).

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. The probability that plaintiff would miss one to two days of work per month is probative evidence that should have been explicitly considered. The ALJ purported to give great weight to Dr. Williams' assessment but gave no reason for disregarding the opinion. This was error.

According to the vocational expert's hearing testimony, plaintiff could maintain employment if he missed one day of work each month. (AR. 968-69). However, he would be unemployable if he missed two days per month. (AR. 968-69). Therefore, whether plaintiff would miss work, and the number of days he would miss, has direct impact on the disability analysis. This error is not harmless and requires reversal. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless when nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion).

(2) Whether or not the ALJ erred in finding plaintiff not credible.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47); *Brown-Hunter v. Colvin,* No. 13-15213, 2015 U.S. App. LEXIS 13560 at *14 (9th Cir. August 4, 2015). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

The ALJ found plaintiff lacking in credibility based on conflicting statements in the record, particularly pertaining to plaintiff's college attendance. (AR. 27-28). Plaintiff gave various reasons for his departure from Talladega College in Alabama after attending only one semester. (AR. 28). According to plaintiff's testimony, he was "kicked out" of Talladega College for fighting. (AR. 950). However, during a psychological assessment, he told Lucile Bodenheimer, Psy.D., that he "quit" because he was "trying to transfer" to Jackson State University. (AR. 707). The ALJ noted these inconsistencies and properly employed ordinary techniques of credibility evaluation to discount plaintiff's statements. Plaintiff's equivocation as to the reason behind his departure from Talladega College provided a specific example that casts doubt on plaintiff's credibility.

    (3)    Whether or not the ALJ's errors support remand for an immediate award of benefits.

Substantial evidence supports the ALJ's conclusion that cessation of substance use would lessen plaintiff's mental health impairments such that he no longer meets a Listing. However, when establishing plaintiff's RFC without substance use, the ALJ failed to consider significant probative evidence from Dr. Williams. Therefore, remand is required.

Plaintiff requests remand for immediate award of benefits.  The Court may remand for an award of benefits where:

> the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020.  Remand for award of benefits occurs in rare circumstances. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  Remand for further proceedings is appropriate where "critical factual issues remain unresolved." *Brown-Hunter v. Colvin*, __ F. 3d __, 2015 WL 4620123, at *1 (9th Cir. 2015).

Here, the ALJ's failure to properly evaluate Dr. Williams's opinions means that the RFC may not account for the probability that plaintiff will miss work.  The magnitude of plaintiff's attendance issues directly impacts his potential employability and is a critical factual issue requiring resolution by the ALJ.  Additional proceedings are necessary to correct the ALJ's error and determine an accurate RFC.  On remand, the ALJ should reconsider Dr. Williams' opinion; further develop the record as necessary; reassess the RFC; and proceed with steps four and five of the sequential evaluation process.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

1    **JUDGMENT** should be for plaintiff and the case should be closed.

2    Dated this 7th day of October, 2015.

                 *[signature]*

                 J. Richard Creatura
                 United States Magistrate Judge